IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ORNETH PATRICK SOUTH, | * | |
| Petitioner, | * | |
| | | Civil Action No. RDB-21-3008 |
| v. | * | Criminal Action No. RDB-19-0055 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On February 6, 2019, Petitioner Orneth Patrick South pleaded guilty to two counts of Robbery Affecting Interstate Commerce ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a), each carrying a maximum of 240 months' incarceration. (*See* Plea Ag't, ECF No. 4.) Pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Court sentenced South to an agreed-upon sentence of 240 months' imprisonment. (*Id.* at 5.) On November 23, 2021, South submitted a *pro se* Motion to Vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (Pet'r's Mot. Vacate, ECF No. 16.) In support of the pending motion, Petitioner claims that he explicitly directed his attorney to file an appeal immediately after his sentencing due to outstanding concerns regarding enhancements that were used to calculate his offense level— and that his attorney failed to file an appeal as requested. (*Id.* at 7–8.) As it cannot presently be determined from the filings whether or not Petitioner in fact asked his former counsel to file an appeal, this Court shall hold an evidentiary hearing in order to determine the veracity of Petitioner's claim.

**BACKGROUND**

The facts of the underlying criminal case were stipulated in Petitioner's plea agreement and are not in dispute. (Plea Ag't, 10–11.) Petitioner's Hobbs Act Robbery charges arise from parallel investigations into two robberies of armored vehicles in Maryland and North Carolina. (*Id.*) On May 3, 2018, Petitioner was indicted alongside two co-defendants for the January 22, 2018, armed robbery of a Loomis armored car carrying $1,324,288.00, in violation of 18 U.S.C. § 1951(a). (*Id.* at 1, 10.) On July 18, 2018, he was indicted in the Western District of North Carolina for the February 9, 2015, armed robbery of a GardaWorld Security Corporation armored car, also in violation of 18 U.S.C. § 1951(a). (*Id.*) Pursuant to Fed. R. Crim. P. 20, Petitioner consented to the transfer of his North Carolina case to the District of Maryland, where it was docketed under criminal case number RDB-19-0055 and consolidated with his pending Maryland case. (Consent to Transfer, ECF No. 1.)

On February 6, 2019, pursuant to Fed. R. Crim. P. 11(c)(1)(C), South pleaded guilty to Count Two of each indictment, alleging Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951(a), with a statutory maximum of 240 months' incarceration for each count. (Plea Ag't ¶ 1.) On May 8, 2019, this Court sentenced South to an agreed sentence of 240 months' imprisonment on both counts, to run concurrently. (*See generally* Sentencing, ECF No. 11; *see also* Plea Ag't ¶ 9; Statement of Reasons 2, ECF No. 13.) Judgment was issued on May 10, 2019. (Judgment 2, ECF No. 12.)

On November 23, 2021, Petitioner filed the instant *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 16).[1] In his Motion and his subsequent Reply, Petitioner claims that he asked his attorney to file an appeal on the day of his sentencing, as believed that certain sentence enhancements used to determine an adjusted offense level of 31 were erroneous. (Pet'r's Mot. 7, ECF No. 16; *see also* Pet'r's Reply to Gov't's Resp. 2, ECF No. 26.) He contends that his attorney failed to comply with this request, depriving him of the opportunity to appeal. (Pet'r's Mot. 7.) In its Response, the Government contends that Petitioner's allegation is completely false, and argues that he should be denied relief without an evidentiary hearing. (Gov't's Resp. 5, ECF No. 25.) The record reflects that South signed his memorandum in support of his motion under oath and penalty of perjury, and that the Government adduced an affidavit from South's original attorney in support of its Response. (*See* Pet'r's Mot. 6; Banan Aff., ECF No. 24.)

This motion is now ripe for review.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is pro se and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose the sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence 'is otherwise subjected to collateral attack.'"

---

[1] South subsequently submitted an affidavit attesting that he originally submitted the instant motion into the prison's mailing system on April 2, 2020, within the statute of limitations. (Pet'r's Aff., ECF No. 19.)

*Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 2010).

## ANALYSIS

A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To establish a 28 U.S.C. § 2255 claim based on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defnese." 466 U.S. at 678; *accord United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015); *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013). The "performance" prong requires the petitioner to show that counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688; *see also United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (holding that "the standard of reasonableness is highly deferential" (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381

(1986))). The "prejudice" prong requires the petitioner to show that counsel's errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687; *accord Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (holding that petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quoting *Strickland*, 466 U.S. at 694)).[2]

Implementing *Strickland*, the Supreme Court has held that an attorney's failure to file a notice of appeal at his client's explicit request constitutes ineffective assistance of counsel regardless of whether the appeal would have merit. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court reviewed a district court's denial of a 28 U.S.C. § 2254 habeas petition alleging ineffective assistance of counsel based on an attorney's failure to file a notice of appeal at the petitioner's request. 528 U.S. at 474–75. Reversing, the Supreme Court emphasized its longstanding rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. As "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," an attorney's failure to do so "reflects inattention to the defendant's wishes" and "cannot be considered a strategic decision." *Id.* In considering the prejudice prong, the Court elaborated that the loss of an appeal amounts to a "serious denial of the entire judicial proceeding" that creates a presumption of prejudice. *Id.* at 483. Accordingly, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise

---

[2] A petitioner faces a greater burden to establish prejudice when he alleges ineffective assistance of counsel after signing a plea agreement. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In such a case, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.³

The framework developed in *Flores-Ortega* remains the standard for Sixth Amendment ineffective assistance of counsel claims predicated on counsel's failure to file a notice of appeal. *See, e.g.*, *Folkes v. Nelsen*, 32 F.4th 258, 274 (4th Cir. 2022); *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015); *United States v. Cooper*, 617 F.3d 307, 312 (4th Cir. 2010); *Bostick v. Stevenson*, 589 F.3d 160, 166 (4th Cir. 2009) ("[P]etitioner may demonstrate both deficient performance and prejudice by showing that counsel failed to file an appeal after the petitioner explicitly requested that counsel to do so."); *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[F]ailure to file a *requested* appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits."). Applying this standard, South asserts that he directed his attorney to file an appeal on the day of his sentencing, as he was concerned that his sentence was the result of erroneous sentence enhancements. (*See* Pet'r's Mot. 4–5; Pet'r's Reply 3.) Additionally, South certified his motion under penalty of perjury. (Pet'r's Mot. 6.) Accordingly, the instant motion qualifies as Petitioner's sworn affidavit. *See, e.g.*, *Goodman v. Diggs*, 986 F.3d 493, 499 (4th Cir. 2021).

---

³ In circumstances where "the defendant has not clearly conveyed his wishes one way or the other," *Flores-Ortega* imposes a more nuanced inquiry. *Id.* at 477. In all cases, the court must determine, as an initial matter, "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. If counsel failed to consult with the defendant, the court must evaluate "whether counsel's failure to consult with the defendant itself constitute[s] deficient performance." *Id.* At minimum, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480; *accord Bostick*, 589 F.3d at 166 ("Where a petitioner never explicitly requests an appeal, that petitioner can still establish deficient performance by showing that counsel failed to consult with petitioner, and that a reasonable attorney would have done so under the circumstances.").

Acknowledging *Flores-Ortega*, the Government advances two arguments as to why this Court should deny Petitioner's pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 without holding an evidentiary hearing. First, the Government argues that South's claim is a complete fabrication. (Gov't's Resp. 5.) To support this argument, the Government presents an affidavit from Assistant Federal Public Defender Sedira Banan, South's former attorney, in which Ms. Banan attests that "South did not request that I or any member of my Office file a notice of appeal on the day he was sentenced or any day thereafter."[4] (Banan Aff. ¶ 5, ECF No. 24.) Second, the Government argues that South's appeal request would be "an exercise in futility," as he waived his appeal rights in his plea agreement. (Gov't's Resp. 5-6.) Accordingly, this case turns on a credibility dispute between South's sworn *pro se* habeas petition and his former attorney's affidavit.

Pursuant to 28 U.S.C. § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The requirement of a "conclusive showing" is a high standard. "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment[,]" requiring the court to view all facts in the light most favorable to the petitioner. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007); *accord United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *United States v. Pressley*, 990 F.3d 383,

---

[4] The Government goes on to note that South misgendered Ms. Banan in his initial Motion, arguing that this shows South is "blatantly lying." (Gov't's Resp. 5.) This misgendering could readily reflect a typographical error, and is not dispositive at this stage.

387 (4th Cir. 2021); *see also Butler v. United States*, No. ELH-08-381, 2014 WL 5325222, at *14 (D. Md. Oct. 15, 2014) (Hollander, J.).

"As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). However, "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Id.* (emphasis in original). "In the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility." *Courtney-Pope v. Bd. of Educ. of Carroll Cnty.*, 304 F. Supp. 3d 480, 489 (D. Md. 2018) (citing *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–65 (4th Cir. 2002)); *accord Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 569 (4th Cir. 2015) ("The court . . . cannot weigh the evidence or make credibility determinations."). Accordingly, without the benefit of additional evidence, contradictory affidavits addressing a § 2255 motions present a disputed issue of fact that is not ordinarily suitable for resolution without an evidentiary hearing.[5]

---

[5] This rule is not categorical. An affidavit from a Section 2255 Petitioner does not automatically preclude summary judgment, and the Fourth Circuit has held that a court's determination of disputed facts without a hearing is not unreasonable in some circumstances. *See Strong v. Johnson*, 495 F.3d 134, 140 (4th Cir. 2007) ("Choosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events."). Ultimately, whether to hold an evidentiary hearing "is best left to the common sense and sound discretion of the district judge[.]" *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

In *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007), the defendant filed a § 2255 motion in this Court, contending in part that his attorney rendered constitutionally ineffective assistance by failing to file a notice of appeal after being unequivocally instructed to do so. 492 F.3d at 265. There was a factual dispute between the defendant's § 2255 motion, in which he asserted that his attorney disregarded his specific instruction to file a notice of appeal, and a letter from the attorney, claiming the defendant never requested an appeal. *Id.* at 267 & n.4. This Court denied the defendant's motion without holding an evidentiary hearing to resolve this factual dispute, reasoning that the defendant's ineffective assistance of counsel claim was unavailing because: (1) defendant waived his right to appeal his conviction and sentence in his plea agreement; and (2) defendant was sentenced in accordance with his signed plea agreement. *Id.* at 266–67. On appeal, the Fourth Circuit invoked *Flores-Ortega* to hold that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *Id.* at 273; *accord id.* at 265 ("[A]n attorney renders ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement."). As the parties had presented conflicting evidence regarding whether the defendant actually requested an appeal, the case was remanded with instructions to hold an evidentiary hearing to resolve this factual dispute. *Id.* at 273.

In contrast, the Fourth Circuit held in *Strong v. Johnson*, 495 F.3d 134 (4th Cir. 2007) that a court may dismiss a § 2255 claim without a hearing when the petitioner presents only conclusory statements in response to significant evidence against his claims. 495 F.3d at 141.

In *Strong*, the petitioner filed a habeas petition on the basis that his lawyer ignored his express instructions to appeal his state convictions, violating his Sixth Amendment right to assistance of counsel. *Id.* at 136. The district court denied this motion without holding an evidentiary hearing, and the Fourth Circuit affirmed. *Id.* at 139. The court of appeals noted that "there is no prohibition against a court making credibility determinations based on competing affidavits in certain circumstances," including "when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events." *Id.* Applying this rule, the Fourth Circuit held that no hearing was necessary, as the petitioner had offered only a conclusory statement claiming: "I asked [my lawyer] to appeal, but he refused after leading me to believe that he would do so." *Id.* at 137. Comparatively, the Government adduced a sworn letter from Strong's former attorney, detailing his discussions with petitioner and the petitioner's agreement not to appeal. *Id.*

Paralleling *Strong*, the Government argues that no hearing is necessary, and that this Court can make a credibility determination against Petitioner based on the filings in this case. (Gov't's Resp. 6.) However, *Strong* is inapposite, as the parties' positions are reversed: In *Strong*, the petitioner offered only a conclusory assertion, while the Government offered a statement by petitioner's attorney recounting several conferences with the petitioner in which they had agreed not to appeal. 495 F.3d at 140. In this case, the Government offers only a conclusory statement with no supporting documentation, details, or testimony, and rests its argument entirely on a character assessment of South and his former attorney. (*See* Gov't's Resp. 5-6.)[6]

---

[6] The Court is not blind to the potential for "chicanery" as described in the Government's response. (ECF No. 25 at 5.) However, this Court declines to accept this argument without evidence of such misconduct.

Conversely, South offers a detailed explanation of his reasoning behind his request for an appeal, and has remained consistent in that story throughout his original motion, his refiled instant motion, and his reply to the Government's response. (Pet'r's Mot. 4-5; Pet'r's Repl. 3.) Accordingly, Ms. Banan's affidavit alone is insufficient to override South's sworn statements. As the Government cannot "conclusively show that the [petitioner] is entitled to no relief," 28 U.S.C. § 2255(b),[7] a hearing is necessary to "determine whether [South] unequivocally instructed his attorney to file a notice of appeal." *Poindexter*, 492 F.3d at 273.

The Government's reliance on South's appellate waiver is also foreclosed by *Poindexter*. As previously explained, the Fourth Circuit held in *Poindexter* that "an attorney renders ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." 492 F.3d at 273. The rationale for this rule is that an appellate waiver is properly litigated in an appellate forum: If the defendant files an appeal, the Government may assert the waiver as binding or argue that it is no longer bound by the plea agreement. *Id.* at 271–72. In neither case does such a waiver deprive the defendant of the right to file an appeal—particularly in a case where the defendant intends to challenge the validity of the waiver itself. *Id.* at 272. Accordingly, the

---

[7] Consistent with this finding, several Fourth Circuit opinions draw a distinction between cases where the government offers a detailed refutation of the petitioner's version of events, and cases where the government rests its argument on mere conclusory allegations. *Compare United States v. Stevens*, 129 F.3d 1261, 1261 (4th Cir. 1997) (Table) (requiring hearing to resolve factual dispute between petitioner's detailed affidavit and attorney's conclusory affidavit), *and United States v. Harris*, 133 F.3d 918, 918 (4th Cir. 1997) (Table) (requiring hearing to resolve factual dispute where attorney affidavit was supported by plea agreement, Rule 11 colloquy, and counsel's performance at trial), *with Gray v. Zook*, 806 F.3d 783, 790–92 (4th Cir. 2015) (holding that defendant's allegation he was ignored when requesting a lawyer during police interrogation did not merit hearing when the allegation was strongly contradicted by the record and evidence), *and United States v. Jones*, No. 3:09CR203-HEH, 2015 WL 3456591, at *5 (E.D. Va. May 29, 2015) (holding hearing not required when attorney's detailed account of events was confirmed by petitioner's signature on attorney's notes).

wisdom of a defendant's request for appeal has no bearing on its occurrence; it makes no difference whether South's request for an appeal was illogical, or even detrimental. If South made an unambiguous request to file an appeal and was ignored, his attorney acted unreasonably as a matter of law. *See Flores-Ortega*, 528 U.S. 470 at 478; *Poindexter*, 492 F.3d 263 at 268; *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000); *see also United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993) (holding that a defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success). Accordingly, this Court must hold a hearing pursuant to 28 U.S.C. § 2255(b) to evaluate the conflicting affidavits in this case.

## CONCLUSION

As this Court cannot "conclusively" determine based on filings alone that the Petitioner is "entitled to no relief," 28 U.S.C. § 2255(b), it is hereby **ORDERED** that this Court will conduct a brief evidentiary hearing to determine whether Petitioner instructed Ms. Banan to file an appeal on his behalf.

Rule 8(c) of the Federal Rules Governing § 2255 Cases provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Accordingly, it is further **ORDERED** that this Court will appoint counsel to represent Petitioner at this hearing.

Dated:       February 16, 2023

/s/
Richard D. Bennett
United States Senior District Judge